GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
New York, New York 10004
(212) 847-8315
Jason L. Solotaroff
David O'Brien
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

YOSHIO LUCERO,
JOSE RODRIGUEZ, and
LEANDRO SAHAD

                         Plaintiffs,

        -against-                             **COMPLAINT**

                                            **JURY TRIAL DEMANDED**

MEDICAL CENTER PHARMACY, INC.,
SPECIALTY CARE PHARMACY, INC.,
TOTAL CARE PHARMACY, INC.,
TOTAL CARE PHARMACY BX, INC.,
TOTAL CARE PHARMACY IV, INC.,
EGIDIO SEMENTILLI, and
LIDE SEMENTILLI,

                       Defendants.

-----------------------------------------------------------------X

       Plaintiffs Yoshio Lucero, Jose Rodriguez, and Leandro Sahad, by their attorneys Giskan

Solotaroff & Anderson LLP, for their complaint against Defendants Medical Center Pharmacy,

Inc., Specialty Care Pharmacy, Inc., Total Care Pharmacy, Inc., Total Care Pharmacy Bx, Inc.,

Total Care Pharmacy IV, Inc., Egidio Sementilli, and Lide Sementilli, allege as follows:

**<u>Nature of the Action and Preliminary Statement</u>**

1

1.      This is an action for race discrimination pursuant to 42 U.S.C. §1981 and the New York City Human Rights Law, N.Y. City Adm. Code § 8-101 *et seq.* ("NYCHRL"), unpaid overtime wages pursuant to Federal Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), New York Labor Law ("NYLL") Article 19, §650 *et seq.*, and supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. §142-2.2, and unpaid "spread of hours" wages pursuant to New York Minimum Wage Act ("NYMWA") and its regulations, N.Y.C.R.R. § 142-2.4, against Medical Center Pharmacy, Inc., Specialty Care Pharmacy, Inc., Total Care Pharmacy Bx, Inc., Total Care Pharmacy IV, Inc., (collectively "the Defendant Pharmacies" or "the Sementilli Pharmacies" or "the Pharmacies"), Egidio Sementilli, and Lide Sementilli, by Plaintiffs Yoshio Lucero, Jose Rodriguez, and Leandro Sahad, who are Hispanic and former employees of Defendants. All of these pharmacies were owned and operated by Tonino Sementilli until his death in or about October 2021 and are currently owned and operated by Tonino's siblings, Defendants Egidio Sementilli, Felicia Sementilli, and Lide Sementilli (collectively "the Sementilli siblings"). The discrimination claims are brought on individual bases. The claims for unpaid overtime and "spread of hours" wages are brought as a collective and class action.

2.      Mr. Lucero, Mr. Rodriguez, and Mr. Sahad (collectively "Plaintiffs") were each employed at the Sementilli Pharmacies for over eighteen years before leaving the Pharmacies in the summer of 2022.

3.      During this time period, Mr. Lucero, Mr. Rodriguez, and Mr. Sahad regularly worked in excess of 40 hours per week, and sometimes in excess of 10 hours per day, but did not receive overtime or "spread of hours" pay even though they were not subject to any exemption from the overtime requirement under applicable law. Plaintiffs' experiences are not unique:

during this time period, withholding overtime and "spread of hours" pay was the standard practice at the Sementilli Pharmacies.

4.     Mr. Lucero, Mr. Rodriguez, and Mr. Sahad performed all the duties of their positions in a competent manner at all times during their employment. Each Plaintiff was even given the title of Store Manager at certain of the Sementilli Pharmacies, although their duties remained non-managerial.

5.     Mr. Sahad worked mainly at Specialty Care Pharmacy, Inc. Mr. Rodriguez worked mainly at the Total Care Pharmacy, Inc. Mr. Lucero worked mainly at Specialty Care Pharmacy, Inc., at the Total Care Pharmacy, Inc., and at Total Care Pharmacy Bx, Inc.

6.     In or around December of 2021, the Sementilli siblings inherited shared ownership of the Pharmacies from their deceased brother Tonino. Since at least December 2021, Defendant Egidio Sementilli managed the Pharmacies where Mr. Lucero, Mr. Rodriguez, and Mr. Sahad primarily worked, where he subjected them to racist, degrading treatment.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over the claims made pursuant to 42 U.S.C. § 1981 pursuant to 28 U.S.C. § 1331.

8.     This Court has subject matter jurisdiction over the claims made pursuant to the FLSA pursuant to 29 U.S.C. § 216(b).

9.     This Court has subject matter jurisdiction over the claims made pursuant to the NYCHRL, NYLL, and NYMWA pursuant to 28 U.S.C. §1367.

10.     This Court has personal jurisdiction over Defendants because Egidio and Lide Sementilli own and operate the Sementilli Pharmacies in this District.

11.     Venue is properly before this Court pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

## THE PARTIES

12.     Plaintiff Yoshio Lucero is a Hispanic man who is a resident of the Bronx, New York.

13.     Plaintiff Jose Rodriguez is a Hispanic man who is a resident of the Bronx, New York.

14.     Plaintiff Leandro Sahad is a Hispanic man who is a resident of the Bronx, New York.

15.     Defendants Medical Center Pharmacy, Inc., Specialty Care Pharmacy, Inc., Total Care Pharmacy, Inc., Total Care Pharmacy Bx, Inc., and Total Care Pharmacy IV, Inc., are, upon information, corporations registered to do business in the state of New York, with principal places of business located at 571 East 184th Street, the Bronx, New York 10458 (Medical Care Pharmacy, Inc.), 4463 Third Avenue, the Bronx, New York 10457 (Specialty Care Pharmacy, Inc.), 4531 Third Avenue, the Bronx, New York 10458 (Total Care Pharmacy, Inc.), 1721 Crosby Avenue, the Bronx, New York 10461 (Total Care Pharmacy Bx, Inc.), and 4491 Third Avenue, the Bronx, New York 10457 (Total Care Pharmacy IV, Inc.).

16.     Defendants Egidio Sementelli and Lide Sementelli are the joint owners and operators of the Sementelli Pharmacies, along with their sister, Felicia Sementelli.

17.     At all relevant times herein, the Defendant Pharmacies met the definition of "employer" under all relevant statutes.

## THE FACTS

18.     The pharmacies described above in Paragraph 15 are located in the Bronx, New York. Until November 8, 2021, the Pharmacies were owned by Tonino Sementilli.

19.     On November 8, 2021, Tonino died, leaving ownership of the Sementilli Pharmacies, collectively and in equal share, to his three siblings: Egidio Sementilli, Lide Sementilli, and Felicia Sementilli.

20.     From late October 2021 until the end of 2021, Lide operated the Sementilli Pharmacies. From January 1, 2022, until the present, Egidio has operated Total Care Pharmacy, Inc., the Total Care Pharmacy IV, Inc., Specialty Care Pharmacy, Inc., and Medical Center Pharmacy, Inc. Lide has remained operator of Total Care Pharmacy Bx, Inc.

21.     Mr. Lucero began working at the Sementilli Pharmacies in spring 2004 as a Store Clerk at Total Care Pharmacy Bx, Inc. Mr. Rodriguez began working at the Sementilli Pharmacies in September 2003 as a Store Clerk at Total Care Pharmacy, Inc. Mr. Sahad began working at the Sementilli Pharmacies on or around November 2004 at a Total Care Pharmacy located in Manhattan on West 207th Street as a Store Clerk.

22.     Based on the duties of the Store Clerk position, which consisted of clerical tasks involving little to no discretion and independent judgment, the position was not properly classified as exempt. Mr. Lucero's responsibilities as a Store Clerk mainly constituted stocking shelves and working at the register. Mr. Rodriguez's responsibilities included stocking shelves, working at the register, and selling lottery tickets. Mr. Sahad's responsibilities mainly constituted stocking shelves.

23.     Mr. Lucero ended his employment at the Sementilli Pharmacies on August 19, 2022. At the time of his departure, Mr. Lucero's responsibilities included assisting the

5

pharmacist, billing insurance companies for prescriptions, and generally assisting on the main floor of Total Care Pharmacy, Inc.

24.     In 2012, Mr. Rodriguez was given the title of Store Manager of the Total Care Pharmacy, Inc. Mr. Rodriguez's responsibilities included operating cash registers, ordering merchandise, and performing deliveries. Mr. Rodriguez remained in this role until he ended his employment at the Sementilli Pharmacies on August 5, 2022.

25.     In or around January 2017, Mr. Sahad was given the title of Store Manager of Specialty Care Pharmacy, Inc. Mr. Sahad's responsibilities included ordering merchandise, operating cash registers, and performing deliveries for the Pharmacy. Mr. Sahad remained in this role until he ended his employment at the Sementilli Pharmacies on August 13, 2022.

26.     At no point during Plaintiffs' employments at the Sementilli Pharmacies were their positions properly classified as exempt. Although Plaintiffs each carried the title "Store Manager", they did not exercise managerial authority. At no point could Mr. Lucero, Mr. Rodriguez, or Mr. Sahad hire or fire employees, grant wage increases, assign tasks or roles to employees, decide schedules for themselves or others, or otherwise perform functions which would exempt them from the right to receive overtime pay.

27.     Throughout Plaintiffs' respective employments, they each worked an average of at least 58 hours per week. At no point did Defendants pay Plaintiffs time and a half wages for hours worked in excess of forty per week, nor "spread of hours" wages for hours worked in excess of ten per day.

28.     Defendants' failure to pay overtime or "spread of hours" was willful. First, the Pharmacies provided non-exempt employees with job titles such as "manager," implying these employees are exempt from overtime benefits. Second, the Pharmacies would regularly obscure

6

the number of hours worked by providing employees with two paychecks for a single pay period: one reflecting 40 hours of work per week, and the second reflecting the hours worked in excess of 40, often purporting to be from a pharmacy at which the employee had not worked. Third, the Pharmacies would sometimes pay an employee with a check reflecting 40 hours of work, and give that employee cash for hours worked over 40. When being paid in cash, an employee would not receive an amount reflective of the employee's wage. Instead, the Pharmacies would pay the employee at a rate below their wage and one of the Sementillis would tell the employee that the reduced amount reflects withheld "taxes."

29.     Fourth, earlier in 2022, Egidio mentioned to Mr. Rodriguez that a former employee had filed a lawsuit against the Sementilli Pharmacies for lost wages and wrongful termination. Approximately two days later, Egidio came to Total Care Pharmacy, Inc., and removed a file containing work schedules from the premises. (The Sementilli Pharmacies do not maintain electronic records of work schedules.) Approximately one day after removing the work schedules, Egidio asked Mr. Sahad to write an affidavit stating that the former employee who filed suit had never worked at Specialty Care Pharmacy, Inc., one of the locations where that employee alleged that he had worked without due compensation. Mr. Sahad declined to write the affidavit, responding that doing so would be dishonest.

30.     From at least January 1, 2022, until Plaintiffs ended their employment at the Pharmacies in August 2022, Defendant Egidio Sementilli subjected Plaintiffs, who are all Hispanic men, to persistent racist harassment and mistreatment.

31.     For example, since becoming part-owner of the Pharmacies, Egidio would spend much of the day watching the Hispanic or Black employees of the Pharmacies remotely, via security cameras that record audio. Egidio would regularly call the Pharmacies to remind

Plaintiffs that he is watching them and to accuse them of stealing from the businesses or giving merchandise to customers for free. At one point, to emphasize how closely he was surveilling our clients, he called Specialty Care Pharmacy and described what Mr. Sahad was eating for lunch.

32.     Egidio would harass Mr. Rodriguez on a daily basis. He would regularly accuse Mr. Rodriguez of mismanagement and of stealing envelopes of cash he had left in the office only to mention days later that he "found the money."

33.     On May 11, 2022, Egidio angrily confronted Mr. Sahad because Mr. Sahad brought a personal bag with him while making deliveries in a company vehicle. Egidio accused Mr. Sahad of stealing and demanded that he allow Egidio to inspect the bag, which contained materials for a pharmacy technician course Mr. Sahad was taking.

34.     Egidio would not accuse the several of his employees who were not Hispanic or Black of theft or mismanagement and did not subject them to this scrutiny, but, as Mr. Sahad put it, "he would always accuse Hispanics of stealing." Egidio requested that one of the white employees, a pharmacist-in-training named Timothy Stock who worked at Total Care Pharmacy, Inc., monitor the Hispanic employees.

35.     When a Black or Hispanic customer would enter a Pharmacy, Egidio would call the location and tell the employees that the customer looked suspicious, and to "make sure they're not stealing." Sometimes, Egidio would call without a specific grievance, but would ask general questions like, "What were you doing with that Black guy at the register?" Egidio would never question the behavior of a non-Hispanic or Black customer.

36.     In January 2022, Egidio told Mr. Sahad, who is of Dominican descent, "I've only met one honest Dominican." He also told Timothy Stock that he wants to hire "more educated

8

people," and called then Mr. Sahad "uneducated and stupid." Since assuming ownership of the Pharmacies, the Sementilli siblings have terminated almost every Hispanic employee—those who have not quit—and refused to hire Hispanics, instead hiring employees from Bangladesh and a small number of white employees. The only Hispanic employees hired since Tonino died are two cashiers hired in August 2022. A white pharmacist named Chris convinced a reluctant Egidio to hire these employees to help with the Pharmacies' Spanish-speaking customer base.

37.     Mr. Lucero faced adverse employment action at the Pharmacies due to his race. After the Pharmacies expanded in 2021, adding a location called Total Care Pharmacy IV, Inc., Tonino told Mr. Lucero that he would be the "manager" of that location, meaning he would be in charge of ordering merchandise. After Tonino's death, Egidio withdrew Mr. Lucero's promotion, and instead demoted Mr. Lucero for no stated reason, relegating him to a "hot and dirty" basement without proper ventilation or natural light, where he stocked shelves and where Egidio accused him of being lazy and not doing his job. Mr. Lucero had previously served primarily as a pharmacy technician on the main floor. Egidio gave the "manager" position to one of the few white employees who Egidio had recently hired.

38.     This persistent racism has negatively impacted Plaintiffs and the other employees of the Pharmacies.

39.     For example, at times, the hostility, surveillance, and accusations would be so overwhelming that Mr. Sahad and Mr. Rodriguez would have to walk out of the store for a reprieve from the harassment.

40.     The unceasing racist treatment caused Mr. Lucero, Mr. Sahad, and Mr. Rodriguez to quit their jobs. In order to give the appearance that Mr. Lucero, Mr. Sahad, and Mr. Rodriguez

were not pushed out of the Pharmacies on the basis of their race, Egidio required that the three

submit letters of resignation, or else he would not give them their final paychecks.

41.    One employee, a white pharmacist named Dave, told Mr. Rodriguez that he could

no longer tolerate the changes at the Pharmacies since Tony's death, citing racism directed

towards Hispanic and Black people. Dave then resigned from his employment at the Pharmacies,

accepting a $40,000 less in salary to take another position.

42.    Our clients likewise have all accepted reduced compensation at new positions in

order to escape the racism of the Pharmacies.

43.    Multiple other Hispanic employees have left their employment at the pharmacies

because of the racial harassment. In January 2022, when Egidio came into the office at Total

Care Pharmacy, Inc., after a former employee filed a lawsuit against the Pharmacies for lost

wages and race discrimination (discussed in paragraph 29), Egidio also removed a folder

containing about ten employee complaints of racist treatment by their employers. At multiple

points throughout 2022, after Mr. Sahad complained to Lide about racist treatment by Egidio,

Lide encouraged Mr. Sahad to sue his brother for race discrimination. Also in 2022, Lide

separately encouraged Mr. Lucero and Mr. Rodriguez to sue Egidio for race discrimination.

## COLLECTIVE ACTION ALLEGATIONS

44.    On information and belief, the source of which is Plaintiffs' experience working

at the Sementilli Pharmacies and their communications with other employees, Defendants never

paid its employees time and a half or "spread of hours" waves throughout the entire class period.

45.    Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a

collective action on behalf of all persons who are or were employed in non-exempt positions and

who have not been paid service charges collected by Defendants from customers in violation of

the FLSA (the "Collective Action Members") at any time since September 13, 2016, to the entry

of judgment in this case (the "Collective Action Period").

46.     Upon information and belief, the source of which is Plaintiffs' experience

working at the Sementilli Pharmacies and their communications with other employees and the

Defendants, this includes every person employed by Defendants during the Collective Action

Period, with the exception of licensed pharmacists.

47.     This collective action class is so numerous that joinder of all members is

impracticable. Although the precise number of such persons is unknown, and the facts on which

the calculation of that number are presently within the sole control of Defendants, upon

information and belief, there are more than fifty members of the Class during the Collective

Action Period, most of whom would not be likely to file individual suits because they lack

adequate financial resources, access to attorneys or knowledge of their claims.

48.     Plaintiffs will fairly and adequately protect the interests of the Collective Action

Members and have retained counsel that is experienced and competent in the fields of

employment law and class action litigation. Plaintiffs have no interest that is contrary to or in

conflict with members of this collective action.

49.     A collective action is superior to other available methods for the fair and efficient

adjudication of this controversy, since joinder of all members is impracticable. Furthermore,

inasmuch as the damages suffered by individual Collective Action Members may be relatively

small, the expense and burden of individual litigation make it virtually impossible for the

members of the collective action to individually seek redress for the wrongs done to them. There

will be no difficulty in the management of this action as a collective action.

50.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

      a.     Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

      b.     Whether Defendants failed to pay the Collective Action Members overtime and "spread of hours" wages in violation of the FLSA and the regulations promulgated thereunder;

      c.     Whether Defendants' violations of the FLSA is willful as that term is used within the context of the FLSA;

      d.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and

      e.     Whether Defendants should be enjoined from violations of the FLSA in the future.

51.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

52.     Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

53.     On information and belief, the source of which is Plaintiffs' experience working at the Sementilli Pharmacies and their communications with other employees, Defendants never paid its employees time and a half or "spread of hours" waves throughout the entire class period.

54.     Plaintiffs bring New York Labor Law claims on behalf of all persons who are or were employed as non-pharmacists by the Sementilli Pharmacies and who were not paid overtime or "spread of hours" wages in violation of the New York Labor Law (the "Class") at any time since September 13, 2016, to the entry of judgment in this case (the "Class Period").

55.     The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least fifty members of the Class during the Class Period.

56.     The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit in federal court.

57.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

58.     Plaintiffs are committed to pursuing this action and have retained competent counsel experienced in employment law and class action litigation.

59.     Plaintiffs have the same interests in this matter as all other members of the Class, and Plaintiffs have no interest that is contrary to or in conflict with the members of the Class.

60.     Plaintiffs' claims are typical of the Class.

13

61.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a.     Whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

    b.     Whether Defendants failed and/or refused to pay the members of the Class overtime and "spread of hours" wages;

    c.     Whether Defendants are liable for all damages claimed hereunder, including, but not limited to, compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

    d.     Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

### FIRST CLAIM FOR RELIEF
(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)

62.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs above as if fully set forth herein.

63.     For this cause of action, "Plaintiff(s)" refers to the named Plaintiffs Lucero, Rogriguez, and Sahad, and any other employee of the Sementilli Pharmacies who file individual consents to sue in this action. Plaintiffs repeat and reallege the allegations contained in the foregoing paragraphs.

64.     Plaintiffs Lucero, Rodriguez, and Sahad consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). The written consents of Plaintiffs Lucero, Rodriguez, and Sahad are attached hereto as Exhibit A and are incorporated by reference.

65.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of the FLSA.

66.     At all times relevant to this action, Plaintiffs were engaged in commerce and/or Defendants Sementelli Pharmacies were enterprises engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

67.     Plaintiffs regularly worked in excess of 40 hours per week for Defendants.

68.     Defendants willfully failed to pay Plaintiffs overtime compensation at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1).

69.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendant, jointly and severally, their unpaid overtime compensation, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
(New York Labor Law, §§ 190 *et seq.*, 650 *et seq.*)

70.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs above as if fully set forth herein.

71.     At all times relevant to this action, Plaintiffs and the putative class were employed by Defendants within the meaning of New York Labor Law §§ 2, 190 and 651.

72.     Defendants willfully violated the rights of Plaintiffs and the putative class by failing to pay overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the New York Minimum Wage Act, New York Labor Law § 650 et seq, and its regulations, N.Y.C.R.R. § 142-2.2.

73.     Defendants willfully violated the rights of Plaintiffs and the putative class by failing to pay an additional hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations, N.Y.C.R.R. § 142-2.4.

74.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid overtime compensation, his unpaid "spread of hours" wages, his unpaid wages, liquidated damages, attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

**THIRD CLAIM FOR RELIEF**
(Race Discrimination in Violation of 42 U.S.C. §1981—hostile work environment)

75.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs above as if fully set forth herein.

76.     Defendants discriminated against Plaintiffs in the terms and conditions of their employment by creating a hostile work environment because of Plaintiffs' race in violation of 42 U.S.C. §1981.

**FOURTH CLAIM FOR RELIEF**
(Race Discrimination in Violation of 42 U.S.C. §1981—adverse employment action)

77.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs above as if fully set forth herein.

78.     Defendants discriminated against Plaintiffs in the terms and conditions of their employment by constructively discharging Plaintiffs because of their race in violation of 42 U.S.C. §1981.

79.     Defendants discriminated against Plaintiff Lucero in the terms and conditions of his employment by rescinding a planned promotion and instead demoting Plaintiff Lucero because of his race in violation of 42 U.S.C. §1981.

## FIFTH CLAIM FOR RELIEF
(Race Discrimination in Violation of NYCHRL—hostile work environment)

80.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs above as if fully set forth herein.

81.     Defendants discriminated against Plaintiffs in the terms and conditions of their employment by creating a hostile work environment because of Plaintiffs' race in violation of NYCHRL.

## SIXTH CLAIM FOR RELIEF
(Race Discrimination in Violation of NYCHRL—adverse employment action)

82.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs above as if fully set forth herein.

83.     Defendants discriminated against Plaintiffs in the terms and conditions of their employment by constructively discharging Plaintiffs because of their race in violation of NYCHRL.

84.     Defendants discriminated against Plaintiff Lucero in the terms and conditions of his employment by rescinding a planned promotion and instead demoting Plaintiff Lucero because of his race in violation of NYCHRL.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand trial by jury of all issues as of right by a jury.

**WHEREFORE**, Plaintiffs and the putative class respectfully request that this Court grant the following relief:

A.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

17

B.  Declare Defendants' conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA and New York State Labor Law;

C.  Award Plaintiffs and the putative Class their unpaid overtime and "spread of hours" wages under the FLSA;

D.  Award Plaintiffs and the putative Class their unpaid overtime and "spread of hours" wages pursuant to the New York State Labor Law and the New York State Department of Labor Regulations;

E.  Award Plaintiffs and the putative Class liquidated damages due to Defendants' willful failure to pay them overtime and "spread of hours" wages pursuant to 29 U.S.C. § 216;

F.  Award Plaintiffs and the putative Class liquidated damages pursuant to New York Labor Law §198(1-a);

G.  Award Plaintiffs and the putative Class prejudgment interest;

H.  Awarding Plaintiffs lost wages and compensatory damages including damages for emotional distress;

I.  Awarding Plaintiffs punitive damages;

J.  Awarding Plaintiffs and the putative Class reasonable attorneys' fees, costs, and expenses; and

K.  Granting such other legal and equitable relief to the Plaintiffs and the putative Class as the Court may deem just and equitable.


Dated:      New York, New York
            October 19, 2022


                              GISKAN, SOLOTAROFF & ANDERSON LLP

By:    _____/s/_____
       David O'Brien
       Jason L. Solotaroff
       dobrien@gsalawny.com
       jsolotaroff@gslawny.com
       (212) 847-8315
       90 Broad Street
       New York, New York 10004
       *ATTORNEYS FOR PLAINTIFF*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

YOSHIO LUCERO,
JOSE RODRIGUEZ, and
LEANDRO SAHAD

                                  Plaintiffs,

                    -against-                                      Dkt. No.:

MEDICAL CENTER PHARMACY, INC.,
SPECIALTY CARE PHARMACY, INC.,
TOTAL CARE PHARMACY, INC.,
TOTAL CARE PHARMACY BX, INC.,
TOTAL CARE PHARMACY IV, INC.,
EGIDIO SEMENTILLI, and
LIDE SEMENTILLI,

                                  Defendants.

------------------------------------------------------------------------X

## CONSENT PURSUANT TO 29 U.S.C. § 216(b)

      Pursuant to 29 U.S.C. § 216(B), I consent to be a party plaintiff in the above-captioned lawsuit alleging that Defendants violated the Fair Labor Standards Act ("FLSA").

Dated:         New York, New York
              October 19, 2022

                                     Yoshio Lucero (Oct 19, 2022 14:53 EDT)
                                       YOSHIO LUCERO

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

YOSHIO LUCERO,
JOSE RODRIGUEZ, and
LEANDRO SAHAD

                    Plaintiffs,

            -against-                            Dkt. No.:

MEDICAL CENTER PHARMACY, INC.,
SPECIALTY CARE PHARMACY, INC.,
TOTAL CARE PHARMACY, INC.,
TOTAL CARE PHARMACY BX, INC.,
TOTAL CARE PHARMACY IV, INC.,
EGIDIO SEMENTILLI, and
LIDE SEMENTILLI,

                    Defendants.

-----------------------------------------------------------------------X

## CONSENT PURSUANT TO 29 U.S.C. § 216(b)

     Pursuant to 29 U.S.C. § 216(B), I consent to be a party plaintiff in the above-captioned lawsuit alleging that Defendants violated the Fair Labor Standards Act ("FLSA").

Dated:       New York, New York
               October 19, 2022

                                     _Jose Rodriguez (Oct 19, 2022 14:52 EDT)_
                                     JOSE RODRIGUEZ

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

YOSHIO LUCERO,
JOSE RODRIGUEZ, and
LEANDRO SAHAD

                           Plaintiffs,

                -against-                              Dkt. No.:

MEDICAL CENTER PHARMACY, INC.,
SPECIALTY CARE PHARMACY, INC.,
TOTAL CARE PHARMACY, INC.,
TOTAL CARE PHARMACY BX, INC.,
TOTAL CARE PHARMACY IV, INC.,
EGIDIO SEMENTILLI, and
LIDE SEMENTILLI,

                           Defendants.

------------------------------------------------------------------------X

### CONSENT PURSUANT TO 29 U.S.C. § 216(b)

       Pursuant to 29 U.S.C. § 216(B), I consent to be a party plaintiff in the above-captioned lawsuit alleging that Defendants violated the Fair Labor Standards Act ("FLSA").

Dated:      New York, New York
             October 19, 2022

                                    _____
                                    LEANDRO SAHAD