UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF NEW YORK

---------------------------------------------------------------------------- X

YOSHIO LUCERO, JOSE
RODRIGUEZ, and LEANDRO SAHAD

                Plaintiffs,

        -against-

MEDICAL CENTER PHARMACY,
INC., SPECIALTY CARE PHARMACY,
INC., TOTAL CARE PHARMACY,
INC., TOTAL CARE PHARMACY BX,
INC., TOTAL CARE PHARMACY IV,
INC., EGIDIO SEMENTILLI, and
LIDE SEMENTILLI,

                Defendants.

---------------------------------------------------------------------------- X

No.:22-CV-8917(RA) (OTW)


**STIPULATION AND
PROTECTIVE ORDER**

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    This Order shall apply to any documents or information that Plaintiffs Yoshio Lucero, Jose Rodriguez, and/or Leandro Sahad ("Plaintiffs") and/or Medical Center Pharmacy, Inc., Specialty Care Pharmacy, Inc., Total Care Pharmacy, Inc., Total Care Pharmacy Bx, Inc., Total Care Pharmacy IV, Inc., Egidio Sementilli, and Lide Sementilli ("Defendants"), and/or Defendants together with Plaintiffs (the "Parties"), provide during discovery in this action (the "Action") and designate as "Confidential" or "Confidential For Attorneys' or Experts' Eyes Only."

2.    Documents and information that may be designated as "Confidential" for the purposes of this Action shall include but are not limited to: proprietary information or trade secrets associated with Defendants' business operations; compensation and benefits information; disciplinary and termination records; personnel information of third-parties; any information of a personal or intimate nature regarding any individual, including but not limited to, personnel and medical records, and information or documents that contain, reflect or pertain to personal information of any of Defendants' current or former employees, such as a social security number, tax identification number, address or contact information; information protected from disclosure by HIPAA; information protected from disclosure by New York Public Health Law Section 2805-m; and all communications involving any of the foregoing areas ("Confidential Material").

2

3.      The Parties shall act in good faith in designating documents or information

hereunder as Confidential Material. This Order also shall apply to Confidential

Material used or revealed during a deposition or in answers to interrogatories. The

Parties shall address with the Court at the final pretrial conference the use of

Confidential Material at a hearing or trial or other proceeding.  It is agreed and

understood by Plaintiffs and Defendants that such documents and/or information

may contain highly confidential and/or proprietary information. Information  and

documents  designated  by  a party  as confidential will be stamped

"CONFIDENTIAL."

4.      All materials designated as Confidential Material shall be clearly marked

"Confidential" or "Confidential For Attorneys' or Experts' Eyes Only" on the face

of the document. In lieu of marking the originals of documents, the Parties may

mark the copies that are produced or exchanged.

5.      The Confidential Information disclosed will be held and used by the person

receiving such information solely for use in connection with the  action.

6.      The Parties may object to the designation of any document or information

as "Confidential" or "Confidential For Attorney's Eyes Only" by

presenting a motion to the Court for an *in camera* inspection and/or a

determination regarding confidentiality within 30 days after having

received it.  Any documents or information that are designated as

Confidential Material shall be treated as such unless and until the Court

rules that such materials are not confidential.  The burden of establishing

confidentiality remains at all times on the party asserting confidentiality.

7.     In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

8.     This Order shall not prejudice in any way the right of a party to: (a) object to the production of documents or information it considers not subject to discovery; (b) seek a court determination of whether particular discovery material should be produced; (c) object to the introduction into evidence of any documents or information it considers inadmissible; or (d) use its own documents or information, which may or may not have been designated by a party as "Confidential" or "Confidential For Attorney's Eyes Only," in any manner without consent of the opposing party or Court.

9.     The parties shall meet and confer prior to designating any production "For Attorneys' or Experts' Eyes Only."

10.    All documents designated as "Confidential" or "Confidential for Attorneys' or Experts' Eyes Only" shall not be disclosed to any person, except:

   a.  The requesting party and counsel of record;

   b.  Employees of such counsel assigned to and necessary to assist in the Action;

   c.  Plaintiffs;

   d.  Defendants;

   e.  Any court reporter present in his or her official capacity at any

hearing, deposition, or other proceeding in this Action;

f.  Employees of Defendants who Defendants determine have a need to know the materials, or who may have knowledge of the underlying dispute and/or may serve as witnesses in this matter;

g.  Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

h.  Subpoenaed witnesses, witnesses noticed for deposition, and potential witnesses, so long as any subpoenaed or noticed witness has been identified in discovery as a person with knowledge of relevant facts; and

i.  The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

11.  Before disclosure by the Parties or their counsel of any Confidential Material to any person referred to in paragraphs 8(f) through 8(h) of this Stipulation and Order, counsel must:

a.  Inform the person of the confidential nature of the information or documents;

b.  Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c.  Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

12.   The inadvertent production of a document or information without designating it as "confidential" shall not constitute a waiver of the right to subsequently designate such document or information as Confidential Material at any time before the trial of this Action. If so designated, the Court and all persons subject to this order shall treat such designated portions of the material as Confidential and subject to all the terms of this Stipulation and Order.

13.   Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

14.   Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of privilege or any claim of confidentiality in this matter provided the parties follow the steps set forth in Rule 502.

15.   Before filing Confidential Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Material ("Confidential Court Submission"), the Filing Party must notify the remaining Parties that it intends to file the Confidential Court Submission and provide Parties with a copy of the Confidential Court Submission. If within three (3) business days of such notification, any Party advises the Filing Party that the Confidential Court Submission must be filed under seal, the Filing Party shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Filing Party also shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and

the Filing Party shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. If a Party does not timely request that the Confidential Court Submission be filed under seal, the Filing Party shall file an unredacted copy of the Confidential Court Submission via the Electronic Case Filing System. No documents or information filed under seal shall be made available to third parties or the public, except by further order of this Court, a subsequent written agreement executed by the Parties or in accordance with the terms of this Order.

16.    Nothing herein shall preclude the Parties from entering into a subsequent agreement, executed by counsel for the Parties, to withdraw a "Confidential" or "Confidential For Attorneys' or Experts' Eyes Only" designation in connection with any motions or the trial of this Action.

17.    At the conclusion of litigation or administration of any class or collective resolution, Confidential Material and any copies thereof shall be promptly (and in no event later than 60 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

**CLAWBACK PROVISION**

18.    The disclosure or production of documents, data and other information ("Documents") by a party producing such Documents (the "Producing Party") subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a party receiving the

Documents (the "Receiving Party"), shall in no way constitute the voluntary disclosure of such Document.

19.    The inadvertent disclosure or production of any Document in this Action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

20.    If, during the course of this litigation, a Party determines that any Document produced by another Party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected  Document"):

(a)    the Receiving Party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review

the Producing Party's Documents to identify potentially privileged or work product Protected Documents.

(b)    If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

21.    If, during the course of this litigation, a Party determines it has produced a Protected Document:

(a)    the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents.  Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing.  The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected

9

Document does not contain privileged or protected information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege or other protection.

(b)   The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.

22.   To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party as set forth in paragraphs 17(b) and 18(a), then the Receiving Party shall sequester such documents until the claim has been resolved.  If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

23.   The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection.  However, the Receiving Party is prohibited and estopped from arguing that:

    (a)     the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (b)     the disclosure of the Protected Documents was not inadvertent;

    (c)     the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    (d)     the Producing Party failed to take reasonable or timely steps to rectify the error.

24.    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection.  The Producing Party shall preserve the Protected Documents until such claim is resolved.  The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order.

25.    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.  The Court may also order the identification by the Receiving Party of Protected Documents by search terms or other means.

26.    Nothing contained herein is intended to, or shall serve to limit a Party's right to conduct a review of documents, data (including electronically stored information) and other information for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party.

27.    Once executed by all parties, the Order shall be by treated by the parties as an Order of Court until it is formally approved by the Court.

**SO STIPULATED AND AGREED**.


/s/ Matthew J. Silverstein                    /s/ David O'Brien
Graff Silverstein LLP                 Giskan Solotaroff & Anderson LLP
Counsel for Defendants                Counsel for Plaintiffs

Dated: June 24, 2023                  Dated: June 28, 2023


**SO ORDERED**.

**Ona T. Wang**
United States Magistrate Judge


Dated:           New York, New York
                 July 10, 2023

12

**<u>Agreement</u>**

      I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

      I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

SIGNATURE

_____

PRINT NAME AND TITLE

Signed in the presence of:

_____

(Attorney)