# GISKAN SOLOTAROFF & ANDERSON LLP
## Attorneys at Law

March 22, 2024

**By ECF**
Ona T. Wang, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20D
New York, New York 10007

      Re:    *Lucero, et al. v. Sementilli, et al.,*
                **Case No. 1:22-CV-08917 (RA) (OTW)**

Dear Judge Wang,

      This firm represents Plaintiffs in the above-referenced action. I submit this pre-motion letter pursuant to Section III.b of Your Honor's Individual Practices in Civil Cases, seeking a conference in advance of a proposed motion for conditional certification of a collective action and court-authorized notice pursuant to section 216(b) of the Fair Labor Standards Act ("FLSA").

**Summary of the Relevant Claims**

      Plaintiffs brought this case alleging, *inter alia*, wage theft in violation of the FLSA against a pharmacy group in the Bronx (the "Defendant Pharmacies") and their proprietors (collectively with the Defendant Pharmacies, "Defendants"). Amended Complaint (ECF No. 17) ("AC"). The FLSA claims are brought as a collective action. *Id.* at ¶¶ 1, 51-58. Plaintiffs allege that they each regularly worked in excess of forty hours per week and sometimes in excess of ten hours per day, but neither they nor any other employee of Defendants were paid overtime or "spread of hours" wages. *Id.* at ¶¶ 3, 30-33. Plaintiffs and all other non-pharmacist employees were not properly classified as exempt from overtime requirements, *id.* at ¶¶ 25-29, and Defendants' wage theft was willful. *Id.* at ¶¶ 34-36. Plaintiffs' proposed collective action contains approximately fifty similarly situated class members. AC ¶ 50.

**Conditional Certification under the FLSA**

      Plaintiffs seek conditional certification for a collective action and an order from the Court approving circulation of the notice of pendency of this collective action to putative class members pursuant to the FLSA, 29 U.S.C. § 216(b). The FLSA requires, among other things, that employers pay covered employees overtime pay for hours worked more than forty hours per week. *See* 29 U.S.C. § 207. The FLSA states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.D. § 216(b).

1

The Second Circuit has outlined a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA. *See Lorenzo v. Dee Mark Inc.*, 2023 U.S. Dist. LEXIS 203219 at *8 (S.D.N.Y. Nov. 14, 2023) (citing *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016)). In the first stage, "the district court permits a notice to be sent to potential opt-in plaintiffs if the named plaintiffs make a modest factual showing that they and others together were victims of a common policy or plan that violated the law." *Glatt*, 811 F.3d at 540 (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)). "If the court finds that the plaintiff has shown that potential opt-in employees are similarly situated, the court will conditionally certify the collective action, send notice to the potential collective plaintiffs, and extend to those potential plaintiffs an opportunity to opt-in to the collective action." *Ademi v. Cent. Park Boathouse, LLC*, 2023 U.S. Dist. LEXIS 170402, *11 (S.D.N.Y. Sep. 25, 2023).

In the second stage, "with the benefit of additional factual development, the district court determines whether the collective action may go forward by determining whether the opt-in plaintiffs are in fact similarly situated to the named plaintiffs." *Glatt*, 811 F.3d at 540 (citing *Myers*, 624 F.3d at 555 (2d Cir. 2010)). Plaintiffs' proposed motion for conditional certification and court-authorized notice addresses the first step in this process.

**Plaintiffs Can Meet Their Burden at this Stage**

Plaintiffs' burden at this stage is "minimal." *Vilella v. Pup Culture LLC*, No. 23-cv-2291 (LJL), 2023 U.S. Dist. LEXIS 207911, *11 (S.D.N.Y. Nov. 17, 2023). Plaintiffs can meet their burden by adducing evidence through the pleadings and sworn declarations. *Duran v. R&L Interior Renovations & Constr. Corp.*, No. 20-cv-9344 (AJN), 2021 U.S. Dist. LEXIS 200988, *4-5 (S.D.N.Y. Oct. 18, 2021)). "The plaintiff need not show that every act that violated the plaintiff's rights under FLSA was also the product of a common plan or policy." *Vilella*, 2023 U.S. Dist. LEXIS 207991 at *11.

Plaintiffs are each able to provide sworn declarations, as well as transcripts of the sworn testimony of Defendants, to support the allegations in the Amended Complaint. These documents will show, for example, that Defendant Lide Sementilli testified that "[n]o one gets paid time and a half over forty or whatever you are saying." Plaintiffs are also able to show that Defendants' failure to pay overtime was willful; that the Defendant Pharmacies operated as a single enterprise; and that every non-pharmacist employee of Defendants were not properly classified as exempt from overtime requirements. Such evidence is more than enough to satisfy Plaintiffs' burden at the conditional certification stage. *See, e.g.*, *Hernandez v. Bare Burger Dio Inc.*, No. 12-cv-7794 (RWS), 2013 U.S. Dist. LEXIS 89254, *7 (S.D.N.Y. June 25, 2013) (collecting cases and stating that "courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit").

Plaintiffs respectfully request a pre-motion conference and thank the Court for its attention to this matter.

Respectfully submitted,

By: */s/ David O'Brien*
David O'Brien, Esq.
GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street
New York, NY 10004
Telephone: (212) 847-8315
dobrien@gslawny.com

cc:     All counsel (by ECF)