UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
YOSHIO LUCERO, et al.,                              :
                                                    :
                        Plaintiffs,                 :        22-CV-8917 (RA) (OTW)
                                                    :
                        -against-                   :        **OPINION & ORDER**
                                                    :
MEDICAL CENTER PHARMACY INC., et al.,               :
                                                    :
                        Defendants.                 :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

        The Court has reviewed the parties' several letters. *See* ECF Nos. 50, 51, 52, 54, 55, 56,

57, 58, 60, 61, 62, 64, 66, 65, 67, 68, 69, and 70. The letters make numerous motions, which are

addressed below.

        The Court will hold an in-person Status Conference in this matter on **Tuesday, June 5, at**

**2:00 p.m.** in Courtroom 20D, 500 Pearl Street, New York, NY 10007. The parties are directed to

file a brief proposed agenda **by Friday, May 31, 2024**, setting out any remaining discovery

disputes. The parties are directed to meet and confer in good faith before this conference to

resolve any remaining discovery disputes without Court intervention. The parties' future

submissions need to reflect more fulsome meet and confers, more care, and more attention to

detail than the last 18 letter requests have reflected. The parties are cautioned that the Court

<u>will</u> apportion costs under Fed. R. Civ. P. 37(a)(5) for future such motions.

1. **Plaintiffs' Motion to Amend the Complaint (*See* ECF Nos. 64 and 65)**

        Plaintiffs move to amend the complaint to add as defendants Egidio Sementilli, Lide

Sementilli, and Felicia Sementilli as Executors of the Estate of Tonino Sementilli, after learning

through Lide Sementilli's deposition testimony that the Estate is the owner of the corporate

1

defendants. (ECF 64 at 2; ECF 64-2 at 5[1]). Lide and Edigio Sementilli are already named defendants in their individual capacities. Plaintiffs attached to their motion the proposed amended complaint with a redline showing proposed changes. (ECF 64-2). Plaintiffs' motion is **GRANTED** because they have shown good cause for amendment. Plaintiffs shall file their amended complaint **no later than Friday, May 17, 2024**.

2. **Cross Motions to Compel (*See* ECF 50, 52, 54, and 55)**

    i. **Plaintiffs' Motion (ECF 50)**

Plaintiffs moved to compel production of documents and further responses to interrogatories. (ECF 50). Plaintiffs seek to compel documents responsive to requests 5, 6, 7, 10, and 11.[2] *Id.* at 1; ECF 50-3 at 5–8. Plaintiffs also move to compel further responses to interrogatories 6–12. ECF 50 at 1; ECF 50-4 at 4–7. The Court rules on the particular motions to compel by request number:

a. Document requests 5, 6, and 7 (*see* ECF 50-3 at 5–6) are **DENIED** as not relevant.

b. Integratory 6 is **GRANTED**. Defendants shall provide a more fulsome response **by Friday, May 17, 2024**.

c. Interrogatories 7, 8, and 9 are **DENIED** as duplicative of document requests 10 and 11 and are also premature. Interrogatories 10, 11, and 12, which seek information about overtime hours and cash payments, are only relevant to individual Plaintiffs at this time,

---

[1] Plaintiffs filed the proposed amended complaint at ECF 64-2. ("On February 8, 2024, Defendant Lide Sementilli testified at his deposition that the Estate of Tonino Sementilli owns the Sementilli Pharmacies, and that Egidio, Felicia, and Lide Sementilli are the sole Executors to that Estate."). *Id.* at 5.

[2] Although Defendants generally opposed Plaintiffs' motion, in its entirety, their brief two-page letter fails to mention any opposition to document requests 10 and 11. (*See* ECF 54).

and that information should have been covered in document request 1. Accordingly, Plaintiffs' motion to compel further responses to interrogatories 7–12 is **DENIED**.

    **ii.**    **Defendants' Motion (ECF 52)**

Defendants also moved to compel production of documents and responses to their interrogatories. (ECF 52). Defendants seek to compel documents responsive to requests 3, 7, 11, 15, and 16. *Id.* at 2–3. Defendants also move to compel further responses to interrogatories 1 – 6 in their First Set of Interrogatories dated June 7, 2023, and further responses to interrogatory 1 and its subparts in their Second Set of Interrogatories dated July 26, 2023. *Id.* at 1, 3. The Court rules as follows:

a.  Document request 3 is **DENIED** as not proportional to the needs of this case.

b.  Document requests 7 and 15 are **DENIED**. The crux of this dispute is that Plaintiffs produced a 90-minute audio recording of a meeting "convened so that numerous employees could voice their concerns with Defendant Edigio Sementilli's management" (ECF 55 at n.3), and identified this recording as the only document responsive to Plaintiff Lucero's promotion and "subsequent demotion." *Id*. at 3. Defendants' objection appears to be that they do not have the time or inclination to listen to this audio recording. This is <u>not</u> a good faith basis to move to compel production of more documents that, by Plaintiffs' admission, do not exist.

c.  Document request 11 is **DENIED**. Defendants assert that they have no information regarding cash payments because they were made by the deceased Tonino Sementilli. (ECF 52 at 3). But, at the same time, Defendants assert that they need Plaintiffs' tax returns to show that they were underreporting their income. *Id.* If more payroll

information is produced or adduced, for example at deposition, Defendants may seek

this information if they are not able reach agreement on this issue.

d.  Request 16 is **DENIED** as not proportional. The parties can explore this issue, if at all,

through depositions.

e.  Defendants' motion to compel further responses to interrogatories 1 – 6 in their First

Set of Interrogatories dated June 7, 2023, are **DENIED**. The parties can explore these

topics, if at all, by deposition.

f.  Defendants' motion to compel further responses to interrogatory 1 and its subparts in

their Second Set of Interrogatories dated July 26, 2023 is **DENIED as moot**. Plaintiffs

refer to a July 11, 2023 spreadsheet titled "Sementilli wage theft damages

spreadsheet.xlsx (ECF 52-6 at 6), which was produced in advance of a July 19, 2023 Pre-

Settlement Conference with the Court. (ECF 37). If Plaintiffs wish to change the

designation of this document produced in aid of settlement only, Plaintiffs are directed

to affirmatively inform Defendants and/or reproduce the document in the context of

discovery.

3.  **Plaintiffs' Second Motion to Compel (*See* ECF Nos. 60 and 62)**

Plaintiffs filed a second motion to compel, styled as a letter-motion seeking a

conference in advance of the anticipated motion, without waiting for the Court to rule on the

first motion, and, according to Defendants, without engaging in any meet and confer process

before running to the Court for further intervention. (*See* ECF Nos. 60 and 62). This, as

Defendants point out, is reason alone to deny the motion. The second motion seeks to compel

"production of documents sufficient to determine ownership of the corporate defendants."

(ECF 60 at 1). Plaintiffs appear to have obtained this information through Lide Sementilli's deposition and then failed to withdraw the motion. Accordingly, the motion to compel is **DENIED as moot**.

4. **Motion for an Extension of Fact Discovery (ECF 56)**

The parties' deadline to complete fact discovery is **EXTENDED** *nunc pro tunc* **to Friday, May 31, 2024. The Court is unlikely to grant a further extension of fact discovery without a showing of good cause.**

5. **Conditional Certification of a Collective Action Under FLSA (ECF 67)**

Plaintiffs' latest pre-motion letter, filed March 22, 2024 (ECF 67), seeks to file a motion for conditional certification of a collective action and an order from the Court approving circulation of the notice of pendency of this collective action to putative class members pursuant to the FLSA, 29 U.S.C. § 216(b). Defendants have not filed a letter in response. (*See* ECF 68; ECF 70). Plaintiffs' request is **DENIED without prejudice** as premature. On May 8, 2024, Plaintiffs filed a letter threatening to file a motion for conditional collective certification "absent objection from the Court," by close of business today. The Court's role is not to "object" to actions taken by litigants, no matter how objectional they may be. Plaintiffs are directed to meet and confer with Defendants, in good faith, and to file a proposed briefing schedule on the motion, by noon on **Monday, May 13, 2024**. If Plaintiffs are unable to reach agreement with Defendants on a proposed briefing schedule, they may file a proposed schedule on their own, clearly identifying their attempts to meet and confer with defense counsel. The earliest Plaintiffs' opening briefs may be filed is **Tuesday, May 14, 2024**. Parties should be mindful of the Court's local rules and individual practices with regard to non-dispositive motions.

The Clerk of Court is respectfully directed to close ECF Nos. 50, 52, 56, 60, 64, and 67.

**SO ORDERED.**

_/s/ Ona T. Wang_

Dated: May 10, 2024
     New York, New York

**Ona T. Wang**
United States Magistrate Judge
