UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X

YOSHIO LUCERO,
JOSE RODRIGUEZ, and
LEANDRO SAHAD

                Plaintiffs,          Case No.1:22-cv-08917(RA)(OTW)

    -against-


MEDICAL CENTER PHARMACY,
INC., SPECIALTY CARE
PHARMACY, INC., TOTAL CARE
PHARMACY, INC., TOTAL CARE
PHARMACY BX, INC., TOTAL CARE
PHARMACY IV, INC., THE ESTATE
OF TONINO SEMENTILLI,
EGIDIO SEMENTILLI, individually and in his
capacity as Executor of the Estate of Tonino
Sementilli, LIDE SEMENTILLI, individually and in
his capacity as Executor of the Estate of Tonino
Sementilli, and FELICIA SEMENTILLI, in her
capacity as Executor of the Estate of Tonino
Sementilli,

                Defendants.

---------------------------------------------X


**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND JUDICIAL NOTICE**


                GRAFF SILVERSTEIN LLP
                3 Middle Patent Road
                Armonk, NY 10504
                (212)-381-6055
                David Graff
                Matthew J. Silverstein
                *Attorneys for Defendants*

Defendants Medical Center Pharmacy, Inc., Specialty Care Pharmacy, Inc., Total Care Pharmacy, Inc., Total Care Pharmacy Bx, Inc., Total Care Pharmacy IV, Inc.[1], Egidio Sementilli, and Lide Sementilli, and Felicia Sementilli (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs Yoshio Lucero's, Jose Rodriguez's, and Leandro Sahad's Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") (Dkt. 75) ("Plaintiffs' Motion"). In support of their opposition, Defendants state the following:

## **INTRODUCTION**

Plaintiffs Yoshio Lucero, Jose Rodriguez, and Leandro Sahad (collectively, "Plaintiffs") were all former managers of certain specialty pharmacies located within the Bronx, NY. Plaintiffs have admitted that their job duties and responsibilities at the Defendant Pharmacies, included, but were not limited to, creating work schedules for employees, determining the hours pharmacy employees would work, supervising other employees, reporting issues from various employees to the owners, ordering various supplies for the Defendant Pharmacies, and suggesting certain job candidates be hired by the owners. Such roles and responsibilities are managerial and supervisory, and distinguish Plaintiffs from being merely 'clerical' workers. Plaintiffs, with an understanding that they need to find 'similarly situated' employees to assert their statutory claims in a collective action under the Fair Labor Standards Act ("FLSA"), now disingenuously attempt to transform their management level positions and responsibilities into that of 'manual' and 'clerical' work. However, Plaintiffs' concerted effort to transform their positions and responsibilities at the Defendant Pharmacies as managers into that of clerical

---

[1] For avoidance of doubt, Defendants state that Total Care Pharmacy IV, Inc. is an improperly named party. Defendants refer the Court to Defendants' Answer to Plaintiffs' Second Amended Complaint, along with their affirmative defenses concerning Total Care Pharmacy IV, Inc. being named as a party to this action. (Dkt. 76.)

1

workers is belied by contemporaneous evidence and sworn deposition testimony and such narrative should be rejected out of hand.

In support of Plaintiffs' Motion, Plaintiffs submit three carbon copy declarations that all state, among other things, "employees of the Defendant Pharmacies consisted of pharmacists and clerical workers holding various responsibilities none of which involved exercising discretion in determining the terms and conditions of employment at the Pharmacies"[2] Plaintiffs have not proffered actual evidence of a factual nexus between their situation and those that they claim are similarly situated, and instead have made conclusory allegations that lump all employees, other than Pharmacists into 'clerical workers' that lack any discretion or independent judgment. Yet, Plaintiffs have failed to demonstrate any of the potential opt-in plaintiffs had the same job responsibilities possessed by Plaintiffs. This is fatal to Plaintiffs' Motion for conditional certification under the FLSA because plaintiffs must make "some showing that there are other employees who are similarly situated" to them "with respect to their job requirements and with regard to their pay provisions…" *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (emphasis added) (citations omitted). Hence, Plaintiffs have entirely failed to show that they are similarly situated to individuals who held such clerical roles. Therefore, certification should be denied as to those roles for that reason alone.

Moreover, Plaintiffs have not made even a modest factual showing that the Plaintiffs and the potential opt-in Plaintiffs were part of a common policy or plan that violated the law. Despite working for the Defendant Pharmacies for over a decade, creating work schedules that evidence the hours that pharmacy personnel work, Plaintiffs have failed to identify a single non-exempt

---

[2] See Declaration of Jose Rodriguez, dated March 14, 2024, ("Rodriguez Dec.") [Dkt. No. 75-4], at ¶11; Declaration of Leandro Sahad, dated March 14, 2024, ("Sahad Dec.") [Dkt. No. 75-5] ,at ¶11; Declaration of Yoshio Lucero, dated March 14, 2024, ("Lucero Dec.") [Dkt. No. 75-3], at ¶11.

employee that was entitled to overtime pay, let alone failed to received compensation for time worked in excess of 40 hours. Remarkably, despite Plaintiffs third iteration to its pleading, the only allegations concerning uncompensated time in excess of the 40 hours in Second Amended Complaint pertain to the currently named Plaintiffs. The vague and conclusory statements in the Plaintiffs' Motion and Declarations that "According to my experience working at the Defendant Pharmacies and my communications with other employees, Defendants never paid [Plaintiff] or any of its employees time and a half hours worked in excess of 40 hours per week.."[3] does not meet the modest factual showing that Plaintiffs and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law to support a conditional certification motion. Therefore, Plaintiffs' Motion should be denied in its entirety.

## ARGUMENT

### LEGAL STANDARD

The FLSA permits one or more "similarly situated" employees to assert their statutory claims in a collective action. 29 USCA § 216(b). In the Second Circuit, determining whether to permit FLSA plaintiffs to proceed in a collective action involves a two-step inquiry. *See Myers v Hertz Corp.*, 624 F3d 537, 555 [2d Cir 2010].

"The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Myers v Hertz Corp.*, 624 F3d 537, 555 [2d Cir 2010]. "Second, after additional plaintiffs have opted in, 'the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named

---

[3] *See* Sahad Dec., at ¶20; Lucero Dec., at ¶20, Rodriguez Dec. at ¶20.

3

plaintiffs."' *Mark v Gawker Media LLC*, 13-CV-4347 AJN, 2014 WL 4058417, at *2 (SDNY Aug. 15, 2014) (quoting *Myers v Hertz Corp.*, 624 F3d 537, 555 [2d Cir 2010]).

As to the first step, Plaintiffs carry the burden of "making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hoffmann v Sbarro, Inc.*, 982 F Supp 249, 261 [SDNY 1997]. Although the plaintiffs' burden is not onerous, they must proffer actual evidence of a factual nexus between their situation and those that they claim are similarly situated, rather than mere conclusory allegations. *Mason v Lbr. Liquidators, Inc.*, 17-CV-4780 (MKB), 2019 WL 2088609, at *6 [EDNY May 13, 2019], affd, 17-CV-4780 (MKB)(RLM), 2019 WL 3940846 (EDNY Aug. 19, 2019); e.g., *Hoffmann v Sbarro, Inc.*, 982 F Supp 249, 261 (SDNY 1997) (emphasizing plaintiffs burden to make a "modest factual showing cannot be satisfied simply by unsupported assertions…") (internal citations omitted). "To meet this standard, plaintiffs must proffer "'substantial allegations' of a factual nexus between the named plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." *Romero v H.B. Automotive Group, Inc.*, 11 CIV. 386 CM, 2012 WL 1514810, at *9 [SDNY May 1, 2012) (quoting *Davis v Abercrombie & Fitch Co.,* 08-CIV-1859 (PKC), 2008 WL 4702840, at *9 [SDNY Oct. 23, 2008]).

In determining whether potential opt-in plaintiffs are similarly situated, courts should not "weigh the merits of the underlying claims, attempt to resolve factual disputes, or evaluate credibility." *Aguilo v. Vails Gate Cleaners Inc.*, No. 18-CV-8850 (PMH) (JCM), 2020 U.S. Dist. LEXIS 114750, 2020 WL 3545558, at *3 (S.D.N.Y. June 30, 2020) (citing *Morris v. Lettire Constr., Corp.*, 896 F. Supp. 2d 265, 269 (S.D.N.Y. 2012)). The role of the court at this stage is simply to decide whether plaintiffs have made a "modest factual showing that they and potential

opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (citations and punctuation omitted).

**POINT I**

**PLAINTIFFS FAIL TO MEET THEIR BURDEN OF PROOF TO SHOW THAT OTHER SIMILARLY SITUATED PLAINTIFFS EXIST.**

Where a plaintiff fails to provide a sufficient factual showing that employees in other roles are similar to theirs, courts deny conditional certification. *See Nabi v. Hudson Grp. (HG) Retail, LLC*, 310 F.R.D. 119 (S.D.N.Y. 2015). Plaintiffs have not made a minimal showing that they are similarly situated to *any* employees within the potential collective. Plaintiff must make a factual showing that "there are other employees . . . who are similarly situated with respect to their job requirements and with regard to their pay provisions." *Myers*, 624 F.3d at 555. Without this showing, courts in the Second Circuit routinely deny certification. *See, e.g.*, *Vargas v. HSBC Bank USA, N.A.*, No. 11 CIV. 7887 DAB, 2012 WL 10235792, at *4 (S.D.N.Y. Aug. 9, 2012) (denying conditional certification in exemption case where "different Fund Accountants ha[d] very different understandings of their own job duties and spen[t] their time on the job doing very different things"); *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469 at 477 (fact that a few employees may have performed tasks in contravention of their written job requirements failed to demonstrate that others were similarly situated); *Mike v. Safeco Ins. Co. of Am.*, 274 F. Supp. 2d 216, 220-21 (D. Conn. 2003) (denying notice where plaintiff failed to "provide[] evidence of a common thread binding his proposed class of employees").

While the court applies a lenient standard at this stage, a plaintiff's burden is "'not non-existent,' and it 'cannot be satisfied simply by unsupported assertions.'" *Korenblum v. Citigroup, Inc.*, 195 F. Supp. 3d 475, 480 (S.D.N.Y. 2016) (quoting *Khan v. Airport Mgmt.*

5

*Servs., LLC*, No. 10-CV-7735 (NRB), 2011 WL 5597371, at *4-*5 (S.D.N.Y. Nov. 16, 2011)). Instead, a plaintiff's showing "must [ ] be based on some substance." *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010). A plaintiff must "provide factual support in the form of pleadings, affidavits, deposition testimony, or other supporting documents" to show that potential members of the collective are similarly situated with respect to an allegedly unlawful policy or practice. *Reed v. Empire Auto Parts, Inc.*, No. CIV. 13-5220 RMB/AMD, 2015 WL 761894, at *4 (D.N.J. Feb. 23, 2015).

Just like in *Vargas*, *Guillen* and *Mike*, Plaintiffs have not provided evidence that any other employees had similar job duties as them. Defendants have adduced testimony from Plaintiffs that demonstrate that Plaintiffs' job responsibilities and duties are managerial and can be distinguished from simple clerical work. Plaintiffs have referred and suggested job applicants to the owners of Defendant Pharmacies that were hired. *See* Declaration of David Graff, Esq. ("Graff Dec."), at ¶2, Ex. A. Plaintiffs participated in determining the hours that employees would work at the pharmacies. *Id*. at ¶3, Ex. B. When questioned about whether Plaintiff Rodriguez had a supervisory role, Plaintiff Rodriguez testified, "I would say that I am the one that basically Tony trusted the most to overlook things." *Id*. Plaintiffs created work schedules for the Defendant Pharmacies and executed them in their capacity as managers. *Id*. at ¶¶4,6, Ex. C, E. Additionally, Plaintiff Sahad testified that issues at the pharmacies from employees were brought to him and he then brought them to the owners. *Id*. ¶5, Ex. D. Such testimony demonstrates that Plaintiffs do in fact use discretion and independent judgment, and Plaintiffs have failed to provide evidence that any of the potential opt-in Plaintiffs have similar job duties or responsibilities.

Plaintiffs' Motion fails to include probative information regarding similar situated

employees, and the only statement buried within Plaintiffs' respective declarations that describes the job duties and responsibilities of the potential opt-in class plaintiffs: "The employees of the Defendant Pharmacies consisted of pharmacists and clerical workers holding various responsibilities none of which involved exercising discretion in determining the terms and conditions of employment at the Pharmacies. (*See* Rodriguez Dec. ¶ 11; Lucero Dec. ¶11; Sahad Dec. ¶11). This statement provides no evidentiary value to demonstrate similarly situated employes exist. *See Hernandez v. City of New York*, No. 16-CV-3445 (RA), 2017 U.S. Dist. LEXIS 102285, 2017 WL 2829816, at *4 (S.D.N.Y. June 29, 2017), 2017 U.S. Dist. LEXIS 102285, 2017 WL 2829816, at *4; *see also Silva v. Calle 8, LLC,* No. 12-CV-677 (ERK) (MDG), 2013 U.S. Dist. LEXIS 171696, 2013 WL 6330848, at *3 (E.D.N.Y. Dec. 5, 2013)("[W]here plaintiffs fail to provide either evidentiary support, such as affidavits or supporting documents, or specific factual allegations, courts routinely deny conditional certification.") (collecting cases). Moreover, Plaintiffs carbon copy statements that Plaintiffs had "little to no discretion or independent judgment" is insufficient to demonstrate that Plaintiffs are similarly situated to the opt-in plaintiffs. *See* Rodriguez Dec. ¶ 12; Lucero Dec. ¶12; Sahad Dec. ¶12). Plaintiffs have not and cannot establish that the potential opt-in plaintiffs have performed similar job duties and responsibilities that the Plaintiffs performed, because potential opt-in plaintiffs were not managers.

These vague and conclusory allegations—hinging almost entirely on a legal conclusion as to what all potential class members' "primary job duty" supposedly is—are insufficient to meet their burden. *See Uraga v. Amici 519 LLC*, No. 1:17-CV-03547 (ALC), 2018 WL 3579850, at *3 (S.D.N.Y. July 25, 2018) (conclusory allegations are not sufficient); *Gomez v. Kitchenette 123 Inc.*, No. 16-CV-3302 (AJN), 2017 WL 4326071, at *5 (S.D.N.Y. Sept. 5,

7

2017) (conclusory references to observations and conversations were insufficient to show that employees may have been subject to the same wage and hour violations); *Qing Gu v. T.C. Chikurin, Inc.*, No. CV 2013-2322 SJ MDG, 2014 WL 1515877, at *4 (E.D.N.Y. Apr. 17, 2014) ("[W]here plaintiffs fail to provide specific factual allegations, courts routinely deny leave to send a collective action notice.") (collecting cases); *Khan v. Airport Mgmt. Servs., LLC*, No. 10 CIV. 7735 NRB, 2011 WL 5597371, at *4 (S.D.N.Y. Nov. 16, 2011) ("Vague and conclusory statements that fail to specifically identify the other [employees] who are allegedly similarly situated to plaintiff[s]" are insufficient to support a conditional certification motion.); *Morales v. Plantworks, Inc.*, No. 05 CIV. 2349 (DC), 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) ("[P]laintiffs have offered only a conclusory allegation in their complaint; they have offered nothing of evidentiary value.").

## POINT II

### PLAINTIFF'S ALLEGATIONS FAIL TO DEMONSTRATE ANY COMMON POLICY OR SCHEME TO VIOLATE THE FLSA THAT EXISTED WITHIN THE LIMITATIONS PERIOD

Plaintiffs must make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro*, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). Where a plaintiff bases her assertions regarding similarly situated employees upon her own observations and conversations with other employees, courts have required details about these observations and conversations, such as where and when they occurred and the names of the employees involved. *See, e.g.*, *Sanchez*, 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542, at *2 ("[W]here or when these observations or conversations occurred . . . is critical"). Specific factual allegations can include the names of similarly situated employees, their job titles, as well as information as to their duties and the hours they worked. *See, e.g., Qing Gu v. T.C. Chikurin, Inc.*, 2014 U.S. Dist.

8

LEXIS 53813,2014 WL 1515877, at *3 (E.D.N.Y. April 17, 2014); *Silva*, 2013 U.S. Dist. LEXIS 171696, 2013 WL 6330848, at *3 (collecting cases). Without these details, "the Court is left with a list of generalized allegations" that are insufficient to conditionally certify a collective action. *Sanchez*, 2014 U.S. Dist. LEXIS 14980, 2014 WL 465542, at *2. It is also helpful, but not necessary, when a plaintiff "adduce[s] evidence beyond [her] own personal observations," to provide affidavits of other employees or other supporting documents. *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 448-49 (S.D.N.Y. 2013) (collecting cases). Plaintiffs consequently must provide factual detail or evidence beyond simply alleging that they observed or spoke with other similarly situated employees. *See*, *e.g.*, *Huertero-Morales v. Raguboy Corp.*, No. 17-CV-2429 (JCF), 2017 U.S. Dist. LEXIS 147788, 2017 WL 4046337, at *3 (S.D.N.Y. Sept. 12, 2017) ("[I]nformation regarding where or when [a plaintiff's] observations or conversations occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process.") (citation omitted); *Qi Zhang v. Bally Produce, Inc.*, No. 12-CV-1045 (FB) (JMA), 2013 U.S. Dist. LEXIS 57544, 2013 WL 1729274, at *4 (E.D.N.Y. Apr. 22, 2013) (court "refuse[d] to conditionally certify a collective action" where plaintiff was "unwilling (or unable) to offer any evidence that other [employees] had similar duties and responsibilities as plaintiff").

As discussed above, Plaintiffs base their assertions regarding similarly situated employees upon their own observations and conversations with other employees. However, Plaintiffs failed to provide any factual details or evidence about such observations and communications to support the assertion that they and the potential opt-in Plaintiffs together were victims of a common policy or plan that violated the law. All three of Plaintiffs' declarations in support of Plaintiffs' Motion have a throw away sentence that "According to my

9

experience working at the Defendant Pharmacies and my communications with other employees, Defendants never paid [Plaintiff] or any of its employees time and a half hours worked in excess of 40 hours per week.."[4] Therefore, the Court is left with a list of generalized allegations and conclusory statements that are insufficient to conditionally certify a collective action. Plaintiffs fail to provide any level of detail concerning these other purportedly similarly situated employees. Plaintiffs fail to include the names of similarly situated employees, their job titles, as well as information as to their duties and the hours they worked. Additionally, Plaintiffs failed to provide evidence of where and when such communications occurred and the names of the employees involved. Therefore, the Court should refuse to conditionally certify a collective action, since the Plaintiffs were unwilling (or unable) to offer any such evidence.

      Furthermore, despite Plaintiffs having filed their third iteration of the Complaint, Plaintiffs have failed plead a cognizable FLSA overtime claim for any of the potential opt-in plaintiffs. The Second Amended Complaint does not contain a single allegation concerning any potential opt-in Plaintiff that should have received overtime compensation for work performed in excess of forty hours of work in a given week. (Dkt. 74). This is very troubling as the Plaintiffs have testified that they created work schedules, participated in determining the hours that employees at the pharmacies worked, and signed off on the work schedules. See Graff Dec., at ¶¶ 3,4,6, Exs. B,C,E. "As the Second Circuit recently explained, 'to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours.'" *Trinidad v Pret A Manger (USA) Ltd*., 962 F Supp 2d 545, 555 [SDNY 2013] (quoting *Lundy v Catholic Health Sys. of Long Is. Inc*., 711 F3d 106, 114 [2d Cir 2013]). "Determining whether a plausible claim has been pled is 'a

---

[4] *See* Sahad Dec., at ¶20; Lucero Dec., at ¶20, Rodriguez Dec. at ¶20.

context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v Catholic Health Sys. of Long Is. Inc*., 711 F3d 106, 114 [2d Cir 2013] (internal citations omitted). Courts will deny certification where a plaintiff has failed to plausibly allege a policy or practice whereby defendants required employees work more than 40 hours without overtime compensation. *Cf. Id*. Here, Plaintiffs "supply nothing but low-octane fuel for speculation, not the plausible claim that is required." Trinidad v Pret A Manger (USA) Ltd., 962 F Supp 2d 545, 556 (SDNY 2013) (quoting *Lundy v Catholic Health Sys. of Long Is. Inc*., 711 F3d 106, 114 [2d Cir 2013]).

Therefore, Plaintiffs cannot even meet the modest burden needed to establish that Plaintiffs and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law and Plaintiffs' Motion should be denied in its entirety.

## POINT III
### IF THE COURT CONDITIONALLY CERTIFIES A COLLECTIVE, PLAINTIFFS' PROPOSED NOTICE SHOULD BE MODIFIED

**Notice Period**. Plaintiffs seek to toll the statute of limitation period by requesting that the Court authorize sending the proposed notice to any similarly situated employee who worked for Defendants since September 13, 2022.[5] It is well-settled that, generally, "under the FLSA, the notice period generally should be measured from the date of the court's order granting the motion for conditional certification, not from the date that the complaint was filed." *Ritz v Mike Rory Corp*., 12 CV 367 JBW RML, 2013 WL 1799974, at *3 (EDNY Apr. 30, 2013); *see e.g.*, *Hernandez v Immortal Rise, Inc*., 11 CV 4360 RRM LB, 2012 WL 4369746, at *7 [EDNY Sept. 24, 2012] (highlighting that "any notice period generally shall be measured from the date

---

[5] Plaintiffs filed their complaint on or about October 19, 2022, however Plaintiffs contend that the notice period should begin on September 13, 2022 due to an agreement between Parties' to toll the statute of limitations until the filing of the Complaint.

11

of the Court's order granting plaintiffs' motion for conditional certification, not from the filing of the complaint."); *Whitehorn v Wolfgang's Steakhouse, Inc.*, 767 F Supp 2d 445, 451 (SDNY 2011) (providing "courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice."); *Anglada v Linens 'N Things, Inc.*, 06CIV.12901(CM)(LMS), 2007 WL 1552511, at *9 [SDNY Apr. 26, 2007], report and recommendation adopted (May 22, 2007).Thus, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Contrera v Langer*, 278 F. Supp. 3d 702, 723 (SDNY 2017) (quoting *Pace v DiGuglielmo*, 544 US 408, 418 [2005]). The second prong of the equitable tolling test "is met only where the circumstances that caused a litigant's delay are both extraordinary and beyond its control." *Contrera*, 278 F. Supp. 3d at 723 (quoting Menominee Indian Tribe of Wisconsin v United States, 577 US 250, 256 [2016]).

Here, Plaintiff has not established a right to toll the limitations period. Plaintiffs are solely responsible for the delay between the date he filed his Complaint and when he made the instant motion. Voluntarily delaying the filing of the instant motion is neither extraordinary circumstances nor circumstances beyond Plaintiffs' control. In fact, it is are just the opposite; these circumstances are exclusively in Plaintiffs' control. Because Plaintiffs' motion fails to establish either prong necessary to establish entitlement to an equitable toll, the Court should deny this request and the notice period should be measured from the of the Court's order granting plaintiffs' motion for conditional certification

**Information sought**. "Courts must balance the need to provide plaintiff with relevant information against potential opt-in plaintiffs' privacy concerns." *Knox*, 282 F.Supp.3d

at 663. Plaintiffs seek an order that "Defendants shall produce a computer-readable list identifying by name, last known mail address, last known email address, and telephone number all persons described above within 10 days of entry of this Order." (Dkt. 75-9). However, because Plaintiffs do not seek to add pharmacists to the collective, any information on Pharmacists should be excluded.

**Notice Should Include Defendants' Counsel's Information** Plaintiffs' proposed notice does not include contact information for Defendants' counsel. This should be corrected. *Bittencourt v Ferrara Bakery & Cafe Inc*., 310 FRD 106, 118 [SDNY 2015) (quoting *Slamna v API Rest. Corp.*, 12 CIV. 757 RWS, 2013 WL 3340290, at *5 [SDNY July 2, 2013]) (providing "[c]ourts in this Circuit have generally concluded that the contact information of defendants' counsel is appropriate for inclusion in a notice of collective action.").

**Disclosure of Private Information**. Even if conditional certification is granted, Plaintiffs are not entitled to the inherently private information that Plaintiff requests from the putative class members. Plaintiff requests the following categories of information for all employees in Plaintiff's defined putative class: (i) their names, (ii) last known address, (iii) telephone number, (iv) e-mail address (Dkt.75-8 ) Plaintiff provides absolutely no authority for obtaining this inherently private information. Courts in this Circuit, and elsewhere, have held that plaintiffs have no need for inherently private information, including but not limited to e-mail addresses, telephone numbers, and social security numbers. *Fengler v. Crouse Health Found., Inc*., 595 F. Supp. 2d 189, 198 (N.D.N.Y 2009); *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150 (N.D.N.Y 2008)(denying plaintiff's request to include potential plaintiff's telephone numbers); and *Gordon v. Kaleida Health*, 2009 U.S. Dist LEXIS 95729, at *31 (W.D.N.Y. Oct 14, 2009) (denying plaintiff's request for Defendants to produce phone number, social security numbers, and e-mail addresses).

## **CONCLUSION**

For the reasons explained above, the Plaintiffs' Motion should be denied in its entirety. In the alternative, if the Court conditionally certifies a collective, it should limit the collective in the manner set forth above and should modify Plaintiffs' proposed notices and notice plan.

Dated: May 30, 2024

                                                GRAFF SILVERSTEIN LLP

                                                Attorneys for Defendants

                                                By: s/   Matthew J. Silverstein
                                                           Matthew J. Silverstein
                                                           David Graff
                                                           3 Middle Patent Road
                                                           Armonk, NY 10504
                                                           Telephone: (212)-381-6055